IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMARCO COTTON, #295257, | ) ) ) |
| Plaintiff, | ) ) No. 3:22-cv-00147 ) |
| v. | ) Judge Trauger ) Magistrate Judge Frensley |
| CORE CIVIC ET AL., | ) ) |
| Defendant. | ) |

## MEMORANDUM

Demarco Cotton, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "Core Civic Et. Al.", alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on February 21, 2021, while the plaintiff was an inmate of the Trousdale Turner Correctional Center, Officer Bangura conducted a strip search of the plaintiff in the presence of Officer Birge, who is a female officer. The officers told the plaintiff that they were looking for a cell phone. When the officers did not find a cell phone, Officer Bangura sprayed the

plaintiff with pepper spray, threw the plaintiff to the ground, and dragged him to the top tier of the plaintiff's housing unit while the plaintiff was naked.

After the application of the pepper spray, the plaintiff experienced loss of vision, labored breathing, and excruciating pain. Officer Bangura then "put his hand around the plaintiff's neck and started choking him and punching the plaintiff in the head." (Doc. No. 1 at 3). Officer Bangura then bit the plaintiff on the back, breaking the skin. Officer Bangura's teeth imprint is still visible on the plaintiff's back.

The plaintiff was taken to segregation, where he sought medical treatment for his vision problems. He was denied medical treatment for three days. The plaintiff now has diminished vision as a result of the lack of treatment. In addition, the plaintiff sought treatment from Dr. Buckner and Nurse Flood for the loss of feeling in his left hand and the bite. The plaintiff never received any treatment for those injuries.

### IV. Analysis

The complaint names one entity as a defendant to this action: Core Civic. (Doc. No. 1 at 2).[1] As "the private entity contracted to manage [the] TTCC," *Shallenberger v. CoreCivic-Trousdale Turner Corr. Ctr.*, No. 3:19-cv-00900, 2020 WL 869984, at *3 & n.1 (M.D. Tenn. Feb. 21, 2020) (citing *Plemons*, 2018 WL 4094816, at *3 & n. 1), CoreCivic is "a private corporation that performs the traditional state function of operating a prison." *Gennoe v. Washburn*, Case No. 3:19-cv-00478, 2019 WL 5693929, at *5 (M.D. Tenn. Nov. 4, 2019) (citations omitted). Accordingly, CoreCivic is subject to suit under Section 1983. *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see*

---

[1] In the caption of the complaint, the plaintiff lists the defendant as "Core Civic et al.", but within the complaint the plaintiff lists the only defendant as "Core Civic, [] a private prison within the jurisdiction of, and contracted with, the State of Tennessee, Trousdale County." (Doc. No. 1 at 2). However, the plaintiff's inclusion of "et al." suggests he may have intended to name additional defendants to this action.

3

Case 3:22-cv-00147  Document 11  Filed 04/22/22  Page 3 of 6 PageID #: 52

*also Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Thus, CoreCivic "cannot be held liable under a theory of respondeat superior." Street, 102 F.3d at 818; *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To hold CoreCivic liable under Section 1983, the plaintiff must establish: (1) that he suffered a constitutional violation; and (2) that a policy or custom of CoreCivic directly caused the violation. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)); *Braswell*, 419 F. App'x at 627.

Here, the complaint does not describe how a CoreCivic policy or custom is responsible in full or in part for the plaintiff's injuries. Therefore, for purposes of the initial screening of the plaintiff's claims against CoreCivic required by the PLRA, the court finds that the complaint fails to state a Section 1983 claim upon which relief may be granted against CoreCivic.

However, within the narrative of his complaint, the plaintiff identifies certain individuals who allegedly acted with excessive force against him[2] and/or denied the plaintiff needed medical

---

[2] Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added).The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

4

treatment.[3] If the plaintiff had named these individuals as defendants to this action and provided sufficient details regarding their actions and intent, the plaintiff likely would have stated at least one colorable claim under Section 1983. Taking into account the plaintiff's pro se status and the seriousness of his allegations, the court finds it appropriate to allow the plaintiff an opportunity to amend his complaint to name as defendants the individual(s) allegedly responsible for acting with excessive force and/or denying the plaintiff needed medical care. If the plaintiff submits an amended complaint within the designated time period, the court will screen the amended complaint pursuant to the PLRA. If the plaintiff fails to the submit an amended complaint with the designated time period, this action will be dismissed.

V.      Conclusion

Having conducted the review required by the PLRA, the court determines that the complaint fails to state claims upon which relief can be granted under Section 1983 as to the sole defendant, CoreCivic. Therefore, this action is subject to dismissal. However, taking into consideration the plaintiff's pro se status and the allegations of the complaint, the plaintiff will be permitted to amend his complaint, if he so desires, to name additional defendants with regard to

---

[3] The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

his excessive force and deliberate indifference claims. The plaintiff will be given 30 days to submit an amended complaint. If he fails to do so, this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge