IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEMARCO COTTON** <br> **#295257,** <br><br> Plaintiff, <br><br> v. <br><br> **CORE CIVIC ET AL.,** <br><br> Defendant. | No. 3:22-cv-00147 <br><br> Judge Trauger <br> Magistrate Judge Frensley |

## MEMORANDUM OPINION

Demarco Cotton, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "Core Civic Et. Al.", alleging violations of his civil rights. (Doc. No. 1).

Pending before the court are the following motions: Motion for the Appointment of Counsel (Doc. No. 13), Motion for Leave to File Amended Complaint (Doc. No. 14), Motion to Compel (Doc. No. 15), and Motion for Status (Doc. No. 16).

**I.   Background**

By order and memorandum opinion entered on April 22, 2022, the court conducted the required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and determined that the complaint fails to state claims upon which relief can be granted under Section 1983 as to sole named defendant. (Doc. No. 11 and 12). The court therefore found that this action is subject to dismissal. (*Id*.) However, the court determined that it was appropriate under the circumstances to permit the plaintiff to amend his complaint to name as defendants the individual(s) allegedly responsible for acting with excessive

1

force and/or denying the plaintiff needed medical care. (*Id*.) The court instructed the plaintiff that, if he wished to file an amended complaint, his amended complaint must be filed within 30 days. (*Id*.) The court indicated that, upon receipt of an amended complaint, the court would screen any new claims raised as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. (*Id*.)

## II. Motion for Leave to File Amended Complaint

The plaintiff now has timely filed a Motion for Leave to File Amended Complaint and a proposed amended complaint in which he asserts new claims against defendants not named in the original complaint. (Doc. No. 14). The court previously permitted the plaintiff to file an amended complaint (*see* Doc. Nos. 11 and 12); therefore, the motion will be granted, and the Clerk will be directed to docket Doc. No. 14 as the amended complaint.

The amended complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. In his amended complaint, the plaintiff also seeks to revive his federal claim against CoreCivic, which the court previously found was subject to dismissal. Therefore, the court will begin with a review of that claim.

## III. Rule 54 Review

Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders to prevent manifest injustice. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id*. (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for

reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." *Id*. at 959 n.7.

In its memorandum entered on April 22, 2022, the court considered the plaintiff's claims under Section 1983 against CoreCivic. (Doc. No. 11 at 3-4). Because the complaint made no allegations regarding a "policy or custom" of CoreCivic, the court found that the complaint failed to state claims under Section 1983 upon which relief can be granted. (*Id*. at 4).

The plaintiff now offers new allegations in support of his claim against CoreCivic. While the court did not expressly grant the plaintiff permission to amend his complaint to assert new allegations against CoreCivic, the court finds it appropriate under the circumstances to reconsider its prior analysis as to CoreCivic under Rule 54.

CoreCivic is "a private corporation that performs the traditional state function of operating a prison." *Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *5 (M.D. Tenn. Nov. 4, 2019) (citations omitted). Thus, CoreCivic is subject to suit under Section 1983. *Thomas v. Coble,* 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am*., 102 F.3d 810, 814 (6th Cir. 1996)); *see also Shadrick v. Hopkins Cty., Ky*., 805 F.3d 724, 736 (6th Cir. 2015) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons such as CoreCivic. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am*., 26 F. App'x 386, 388 (6th Cir. 2001). Thus, CoreCivic "cannot be held liable under a theory of respondeat superior." *Street*, 102 F.3d at 818; *Braswell v. Corr. Corp. of Am*., 419 F. App'x 622, 627 (6th Cir. 2011). Liability attaches only if CoreCivic's policies are

shown to be the "moving force" behind a plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Thus, the plaintiff must allege: (1) that he suffered a constitutional violation; and (2) that a policy or custom of CoreCivic directly caused the violation. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)); *Braswell*, 419 F. App'x at 627.

In the amended complaint, the plaintiff alleges that CoreCivic is responsible for the actions of its employees "acting within the actual scope of employment in the T.T.C.C. service." (Doc. No. 14 at 6). However, as noted above, to hold CoreCivic liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *See Street*, 102 F.3d at 818.

The amended complaint also alleges that CoreCivic has a policy of violating Tennessee Department of Correction (TDOC) policies, and those policy violations were the moving force behind the plaintiff's injuries. (*See, e.g.*, Doc. No. 14 at 5) (referring to TDOC Policy 506.08 pertaining to use of force). However, as the court discusses *infra*, the violation of a prison regulation or a TDOC policy is not actionable under Section 1983.

Additionally, the amended complaint alleges that the moving force behind the plaintiff's injuries was CoreCivic's "systematic failure to train officers adequately." (Doc. No. 14 at 10). An allegation that CoreCivic had a duty to hire and train competent staff, however, is insufficient to identify a CoreCivic policy and tie that policy to the plaintiff's injury. *See Newell v. CoreCivic, Inc.*, No. 3:17-cv-01387, 2018 WL 3740759, at *5 (Aug. 7, 2018); *Baxter v. Corizon Health, Inc.*, No. 1:14-cv-1347-JDT-egb, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2016). "Merely positing a theory of legal liability that is unsupported by specific factual allegations does not a state a claim for relief." *Newell*, 2018 WL 3740759, at *5. Therefore, the court finds that the

4

amended complaint, like the original complaint, fails to state colorable Section 1983 claims against CoreCivic. These claims will be dismissed.

## IV. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## V.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## VI.     Facts Alleged in the Amended Complaint

The amended complaint alleges that, on February 21, 2021, while the plaintiff was an inmate of the TTCC, Officer Bangura conducted a strip search of the plaintiff in the presence of Officer Birge, who is a female officer. The officers told the plaintiff that they were looking for a cell phone. When the officers did not find a cell phone, Officer Bangura sprayed the plaintiff with

6

pepper spray, threw the plaintiff to the ground, and dragged him to the top tier of the plaintiff's housing unit while the plaintiff was naked.

After the application of the pepper spray, the plaintiff experienced loss of vision, labored breathing, and excruciating pain. Acting "maliciously and sadistically," Officer Bangura then "put his hand around the plaintiff's neck and started choking him and punching the plaintiff in the head while in handcuffs." (Doc. No. 14 at 5). Officer Bangura then bit the plaintiff on the back, breaking the skin. Officer Bangura's teeth imprint is still visible on the plaintiff's back. Defendant John Doe[1] "witnessed the bite marks on the plaintiff['s] back and failed to have him sent to medical for treatment." (Doc. No. 14 at 8).

The plaintiff was taken to segregation, where he sought medical treatment for his vision problems. The plaintiff was denied medical treatment for three days. The plaintiff now has diminished vision as a result of the lack of treatment. In addition, the plaintiff sought treatment from Dr. Jane Doe and nurse Jane Doe for the loss of feeling in his left hand and the bite. The plaintiff never received any treatment for those injuries.

## VII. Analysis

In addition to CoreCivic, the amended complaint names as defendants "John Doe a.k.a. Mr. Bangura," a TTCC officer; "Jane Doe a.k.a. Ms. Flood," a TTCC nurse; "John Doe a.k.a Mr. Wilson," a TTCC officer; and "Jane Doe a.k.a. Ms. Burker," a TTCC physician. (Doc. No. 14 at 1-2). Each defendant is sued in his or her individual and official capacity. (*Id.*)

---

[1] Although the amended complaint does not make it abundantly clear, a fair inference can be drawn that the plaintiff is referring to Mr. Wilson as he is only named male defendant besides Officer Bangura referred to by the plaintiff as John Doe.

### A. Violation of Tennessee Department of Correction Policies

In his amended complaint, the plaintiff alleges that the defendants violated several TDOC policies.

An inmate's allegation that prison officials failed to follow TDOC administrative policies does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding that the violation of a prison regulation or administrative rule is not actionable under Section 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

For these reasons, the plaintiff does not have a constitutional right to demand that defendants comply with any particular TDOC policy. Consequently, the court finds that the amended complaint fails to state Section 1983 claims arising from any defendant's failure to follow TDOC policies. These claims will be dismissed.

### B. Excessive Force

The amended complaint alleges that TTCC officer Bangura used excessive force against the plaintiff on February 21, 2021. Specifically, the amended complaint alleges that Officer Bangura sprayed the plaintiff with pepper spray, threw the plaintiff to the ground, dragged him to the top tier of the plaintiff's housing unit while the plaintiff was naked, choked the plaintiff, punched the plaintiff in the head, and bit the plaintiff. The amended complaint alleges that officer Bangura acted "maliciously and sadistically" and his actions caused physical injuries to the plaintiff. (Doc. No. 14 at 5).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects

an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added).The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Based on the allegations set forth in the amended complaint, the court finds that the plaintiff states a colorable Eighth Amendment excessive force claim under Section 1983 against officer Bangura in his individual capacity. These allegations warrant further factual development.

As to the plaintiff's claim against officer Bangura in his official capacity, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the plaintiff alleges that officer Bangura is an employee of TTCC, which

9

Case 3:22-cv-00147 Document 18 Filed 07/12/22 Page 9 of 13 PageID #: 103

is operated by CoreCivic. As discussed above, to hold CoreCivic liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability, *Street*, 102 F.3d at 818, and the plaintiff has not identified any CoreCivic policy and tied that policy to the plaintiff's injury. Therefore, the plaintiff's claims against officer Bangura in his official capacity fail to a claim under Section 1983 upon which relief can be granted, and this claim will be dismissed.

### C. Deliberate Indifference to Serious Medical Needs

The amended complaint alleges that TTCC nurse "Jane Doe a.k.a. Ms. Flood," TTCC physician "Jane Doe a.k.a. Ms. Burker," and TTCC officer "John Doe a.k.a Mr. Wilson" denied medical treatment to the plaintiff after officer Bangura injured the plaintiff in February 2021.

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*.

For purposes of the required PLRA screening, the court finds that the medical conditions identified by the plaintiff, including loss of vision or diminished vision, labored breathing, a human bite that broke the skin, and excruciating pain, constitute sufficiently serious medical needs that required medical attention. *See Rouster*, 749 F.3d at 446.

As to the defendants' state of mind, the amended complaint alleges that officer Wilson "witnessed the bite marks on the plaintiff['s] back and failed to have him sent to medical for treatment" and "was deliberate indifference [sic] to his health and safety" (Doc. No. 14 at 8); nurse Jane Doe "never treated the plaintiff for the injuries he suffered nor did she refer the plaintiff to medical for treatment" and "was deliberate indifference [sic] to his health and safety" (*id*. at 8-9); nurse Jane Doe "subjectively perceived facts from which to infer substantial risk to plaintiff from bite, that she did in fact draw the inference, and that she then disregarded that risk by den[ying] the plaintiff medical treatment" (*id*. at 11); and Dr. Jane Doe "never inform[ed] medical or have [sic] officers send the plaintiff to medical for bite injury [and] denied medical treatment [and] was deliberate indifference [sic] to his health or safety." (*Id*.) These allegations give rise to an inference of deliberate indifference on the part of these defendants for purposes of the required PLRA screening. Consequently, the court finds that the amended complaint sets forth non-frivolous Eighth Amendment claims under Section 1983 against officer Wilson, nurse Jane Doe, and Dr. Jane Doe in their individual capacities based on the denial of medical treatment for the plaintiff's serious medical needs. These claims will proceed for further development.

As noted above, the plaintiff's claims against officer Wilson, nurse Jane Doe, and Dr. Jane Doe in their official capacities are claims against CoreCivic, which is identified by the plaintiff as the defendants' employer. *See Pusey*, 11 F.3d 652, 657. Because the plaintiff cannot rely on the theory of respondeat superior or vicarious liability and has not identified any CoreCivic policy and

tied that policy to the plaintiff's injury, the plaintiff's claims against officer Wilson, nurse Jane Doe, and Dr. Jane Doe in their official capacities fail to state claims under Section 1983 upon which relief can be granted. Those claims will be dismissed.

### VIII. Motion for the Appointment of Counsel

The plaintiff seeks the appointment of counsel. (Doc. No. 13). He states that he is unable to afford an attorney, the issues in this case are "complex," he has limited knowledge of the law, and the case "will require discovery of documents and a number of witnesses" as well as "medical issues that may require expert testimony." (*Id*. at 1-2).

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Here, the plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent, legally untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. The plaintiff has filed a complaint, an amended complaint, an application to proceed in forma pauperis and supporting documents, a motion seeking counsel, a motion to compel, and a motion for status. The court finds that the plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*,

No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the court finds that the interests of justice do not require the appointment of counsel at this time. The plaintiff's Motion for the Appointment of Counsel (Doc. No. 13) therefore will be denied without prejudice. The plaintiff may renew this motion at a later time if the circumstances warrant.

### IX. Conclusion

For the reasons explained herein, the plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 14) will be granted.

Having screened the amended complaint pursuant to the PRLA, the court finds that the plaintiff states a colorable Eighth Amendment excessive force claim under Section 1983 against officer Bangura in his individual capacity and colorable Eighth Amendment deliberate indifference to serious medical needs claims under Section 1983 against officer Wilson, nurse Jane Doe, and Dr. Jane Doe in their individual capacities. These claims will proceed for further development.

However, the plaintiff's claims against CoreCivic as well as the plaintiff's official capacity claims against officer Wilson, nurse Jane Doe, and Dr. Jane Doe will be dismissed for failure to state claims under Section 1983 upon which relief can be granted.

The plaintiff's Motion for Appointment of Counsel (Doc. No. 13) will be denied without prejudice. The plaintiff's Motion for Status (Doc. No. 16) will be granted.

The plaintiff's Motion to Compel (Doc. No. 15) will be reserved for the Magistrate Judge.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge