IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED

MAY 16 2022

US DISTRICT COURT
MID DIST TENN

Demarco Cotton
       Plaintiff(s),

Case Number 3:22-cv-00147

v.

Judge Trauger

Core Civic et.al.
       Defendant(s).

Magistrate Judge Frensley

## Motion For Leave To File Amended Complaint
(Type of Pleading)

The plaintiff move the Court to amend complaint adding parties. Fed. R. Civ. P. Rule 15 (a).

1. The district court has jurisdiction over the plaintiff Federal law claims. 28 U.S.C. §§ 1331 and 1343 (a)(3)

2. The plaintiff Demarco Cotton, T.T.C.C, 140 Macon Way, Hartsville, Tn. 37074.

3. Defendant Core Civic, T.T.C.C., 140 Macon Way, Hartsville, Tn. 37074. They are sued in their official and individual capacities.

4. Defendant John Doe a.k.a. Mr. Bangura is a officer at T.T.C.C. whose first name is unknown to plaintiff, T.T.C.C. 140 Macon Way, Hartsville, Tn. 37074. He is sued in his individual and official capacities.

5. Defendant Jane Doe a.k.a. Ms. Flood is a nurse at T.T.C.C. whose first name is unknown to plaintiff, T.T.C.C. 140 Macon Way, Hartsville, Tn. 37074. She is sued in her individual and official capacities.

6. Defendant John Doe a.k.a. Mr. Wilson is a officer at T.T.C.C. whose first name is unknown to plaintiff, T.T.C.C. 140 Macon Way, Hartsville, Tn. 37074. He is sued in his official and individual capacities.

7. Defendant Jane Doe a.k.a. Ms. Burker is a Doctor at T.T.C.C. whose first name is unknown to plaintiff, T.T.C.C. 140 Macon Way, Hartsville, Tn. 37074. She is sued in her official and individual capacities.

8. The plaintiff filed grievance regarding the claims in the complaint. The plaintiff never received a response. The plaintiff exhaust administrative remedies.

9. The plaintiff was deprived of a right secured by the Constitution or laws of the United States, that the deprivation was caused by the defendants acting under color of state law.

10. Defendant Core Civic acted pursuant to a municipal policy or custom with T.D.O.C. regarding the plaintiff injuries at T.T.C.C. care, custody, and control. T.D.O.C. Policies # 506.06, 506.07, 506.08, and 113.30.

11. Defendant Core Civic is personally involved in the unconstitutional activity of conditions of confinement at T.T.C.C.

under care, custody and control
under policy or custom with T.D.O.C.

12. On February 21, 2021, defendant
John Doe a.k.a. Officer Bangura strip
search the plaintiff in front of Officer
Birge, who is a female officer. T.D.O.C.
Policy # 502.06. that defendant Core
Civic policy or custom applys in full
for the plaintiff injuries. (PREA).

13. Defendant John Doe told the plaintiff
that he was looking for a cell phone.
When he did not find a cell phone, de-
fendant John Doe sprayed the plaintiff
with pepper spray. T.D.O.C. Policy 506.07.1

14. T.D.O.C. Policy 506.07.1 Use of Chemical
Agents applys in full to defendant
Core Civic policy or custom of persona-
lly involved in the unconstitutional ac-
tivity for the plaintiff injuries.

15. Defendant John Doe threw the plaintiff on the ground while in handcuffs, and dragged him to the top tier of the unit while the plaintiff was naked.

16. Defendant John Doe put his hand around the plaintiff neck and started choking him and punching the plaintiff in the head while in handcuffs was done maliciously and sadistically to cause him harm was excessive force. T.D.O.C. Policy 506.08 (use of force).

17. T.D.O.C. Policy 506.08 (Use of Force applys in full to defendant Core Civic policy or custom of personally involved in the unconstitutional activity of excessive force for the plaintiff injuries.

18. Defendant John Doe subjectively perceived facts from which to

infer substantial risk to the plaintiff, that he did in fact draw the inference, and that he then disregarded that risk by choking and punching the plaintiff while handcuffed.

19. Defendant Core Civic is liable for the wrongful acts of defendant John Doe, Jane Doe, John Doe, and Jane Doe acting within the actual scope of employment in the T.T.C.C. service.

20. Defendant John Doe bit the plaintiff on the back, breaking the skin, that his teeth imprint is still visible on the plaintiff back.

21. Defendant Core Civic policy or custom of use of force under T.D.O.C. policy 506.08 that caused

the plaintiff constitutional violation that establish defendant Core Civic personal involvement in the wrongful act against the plaintiff.

22. That after the plaintiff was pepper spray, he had a loss of vision, labored breathing, and extruciating pain.

23. The plaintiff asked for medical treatment in segregation because he could not breath or see due to the chemical agent used against him by defendant John Doe.

24. On February 24, 2021, after three (3) days of being denied medical treatment, the plaintiff suffered diminished vision in his eyes from being sprayed with pepper spray and not been treated.

25. The plaintiff now has diminished vision from the lack of treatment by defendant Core Civic policy or custom of access to health care policy 113.30, that directly caused the violation.

26. The plaintiff sought medical treatment from Dr. Jane Doe and nurse Jane Doe for the loss of feeling in his left hand and the bite.

27. Defendant John Doe witnessed the bite marks on the plaintiff back and failed to have him sent to medical for treatment was deliberate indifference to his health and safety.

28. Defendant nurse Jane Doe never treated the plaintiff for the injuries he suffered

nor did she refer the plaintiff to medical for treatment was deliberate indifference to his health and safety.

29. T.D.O.C. policy 113.30 Access to Health Care apply in full to defendant Core Civic policy or custom of personally involved in the unconstitutional activity of denied medical treatment for the plaintiff injuries.

30. The plaintiff suffered a constitutional violation from excessive force, denied medical treatment by defendant Core Civic policy or custom directly caused the violation.

31. Defendant Core Civic was deliberate indifference to the plaintiff health or safety by

denied medical treatment
to his "serious medical needs"
for injuries to his vision, left
hand and bite.

32. The plaintiff bite mark is
objectively "serious" because
the medical need is so obvious
that even a lay person would
see the need for medical care.

33. Defendant Core Civic "policy
or custom" that was "the moving
force behind" the excessive force
constitutional violation because
a systematic failure to train
officers adequately.

34. On April 8, 2022, former Core
Civic officer Lister plead guilty
to unlawful force on a inmate show
that defendant has ignored a
history of abuse and was clearly

on notice that the training in this area was deficient and likely to cause injury.

35. Defendant Dr. Jane Doe never inform medical or have officers send the plaintiff to medical for bite injury denied medical treatment was deliberate indifference to his health and safety.

36. Defendant Core Civic had in place a policy or custom #11330 "access to health care" that was "the moving force behind" the denied medical treatment constitutional violation.

37. Defendant nurse Jane Doe subjectively perceived facts from which to infer substantial risk to plaintiff from bite, that she

did in fact draw the inference, and that she then disregarded that risk by denied the plaintiff medical treatment

Claims For Relief:

38. Defendants Core Civic actions or inactions "policy or custom" that was "the moving force behind" John Doe excessive force against the plaintiff were done maliciously and sadistically constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

39. Defendants Core Civic actions or inactions of a systematic failure to train defendants Doe adequately constituted deliberate indifference to the plaintiff safety that violate the Eighth

and Fourteenth Amendments of the United States Constitution.

40. Defendant Dr. Jane Doe actions or inactions to provide the plaintiff medical treatment of bite, and vision constitutes deliberate indifference to plaintiff "serious medical needs" in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

41. Defendant nurse Jane Doe actions or inactions to provide the plaintiff medical treatment of bite and vision constitutes deliberate indifference to plaintiff "serious medical needs" in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

13

Requested Relief:
Declaratory judgment:

42. Defendant Core Civic failure to train defendant Doe adequately violated the plaintiff rights under the Eighth and Fourteenth Amendments to the United States Constitution.

43. Defendant John Doe excessive force of the plaintiff violated his rights under the Eighth Amendment to the United States Constitution.

44. Defendant Dr. Jane Doe and defendant nurse Jane Doe actions in failing to provide adequate medical care for the plaintiff violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Compensatory Relief:

1. $300,000 jointly and severally against defendants Core Civic and John Doe for the physical and emotional injuries sustained as a result of the plaintiff excessive force, that was used against him.

2. $100,000 jointly and severally against defendants Jane Doe and Jane Doe for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

## Punitive Relief:

1. $650,000 each against defendants Core Civic and John Doe.

2. $250,000 each against defendants Jane Doe and Jane Doe.

5-9-22
Date

Demarco Cotton
(Signature)

Demarco Cotton
(Print Name)

T.T.C.C,
140 Macon Way
Hartsville, Tn. 37074
(Address & Telephone Number, if any)



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**

Demarco Cotton                    295257            TTCR £B 124
_____          _____     _____
NAME                              NUMBER          INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: Cruel + Unusual punishment 42 USC § (1983)
Violations of The Federal and State Constitution.

REQUESTED SOLUTION: I want this Complaint Investigated By The
U.S. Department of Justice Civil Rights Commission Federal Coordination
+ Compliance Section, NWB 950 pennsylvania Avenue, N.W. Washington, Dc
20530 cc: file
Demarco Cotton                              Feb 24/2021
_____          _____
Signature of Grievant                              Date

===================================================================

*TO BE COMPLETED BY GRIEVANCE CLERK*

_____          _____          _____
Grievance Number                Date Received              Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____          _____
                              New Due Date                              Signature of Grievant

===================================================================

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence: _____

_____

_____

Chairperson's Response and Reason(s): _____

_____

_____

DATE: _____          CHAIRPERSON: _____

Do you wish to appeal this response? _____ YES          _____ NO

If yes:   Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

_____          _____          _____
GRIEVANT                              DATE                    WITNESS

Distribution Upon Final Resolution:
     White – Inmate Grievant     Canary – Warden     Pink – Grievance Committee     Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)                              Page 1 of 2                              RDA 2244



**TENNESSEE DEPARTMENT OF CORRECTION**

<u>**INMATE GRIEVANCE**</u>     **(continuation sheet)**

DESCRIPTION OF PROBLEM: On Feb 21, 2021 Officers Bangura & Birge Came to my door & told me to step out, I ask why? Officer Bangura said because I pop out of my cell during count, at that point I was told by Officer Bangura to put my hands on the wall, I complied with Officer Bangura demands for him to pat me down, After that Officer Bangura, told me to step back in the cell, & I would be strip search, Officer Bangura told me the second I stepped back in the cell if I didn't meet his demands he was going to spray my Ass!! I told Officer Bangura the he's not Authorize to strip search me. The was a female officer present at my cell also, I complied with Officer Bangura demands, and proceeded to take off my pants, & underclothes And once Officer Bangura check my pants, and boxers, and didn't find the phone Officer Bangur Sprayed me, & Wrestled me down out the door onto the top Tier at this point I was half naked, & could barely see or breath I was in fear of my Life. I was half naked in front of the female officer, Who Just stood there watching while Officer Bangura put his hand around my neck, & started "Choking" me, punching me in the Head, Just before he decide to Bit me on my Back, And I was took to Segregation. I ask for a nurse to come check out my Back from where Officer Bangura had Bit down like a pitbull to were he Broke the skin but I was deny Medical Attention. On Feb 24, 2021 After three days of complaining about not feeling my right hand the psych Docter Buckner came to do Her rounds In Segregation I notified her that I need medical attention, and a Technical "shot" because Officer Bangura had Bit me on my Back, & I showed her the Bite marks & I explain to her that I don't have feeling in my Right Hand Was due to Officer Bangura choking, punching in the Head, Officer Wilson was present with psych docter, And later that day Officer Wilson Return with Nurse flood to Check the Bit marks and I was still denied Medical Attention. Administrative policies and procedures, State of Tennessee Department of Correction Index #: 305.01 Subject: Employee Disciplinary Action (s) page 1,2,3,4 Authority TCA 4-3-603, TCA 4-3-606, TCA 8-30-203, TCA 8-30-325, TCA 8-30-326 and Tennessee Department of Human Resources (TDoHR) Rules, Chapter 1120-10 Team act Tennessee Excellency, Accountability and Mangement Team act codified in Tennessee code Annotated. (II) purpose: To establish procedures for the disposition and coordination of fair and uniform employee disciplinary action within the Tennessee Department of Correction (TDoc). III Application: To all TDoc preferred Service Employees. (Executive service Employees serve at the discretion of the commissioner and may be disciplined

1



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE** (continuation sheet)

DESCRIPTION OF PROBLEM: Accordingly, IV. Definitions: A. Appointing Authority: The commissioner of the TDOC and those to who appointing Authority has been delegated; Specifically, Wardens, And the Superintendent of the Tennessee Correction Academy (TCA). B. Demotion: The Reclassification of an Employee to a position of Lower salary grade as a Disciplinary Action for poor **performance** And/or unsatisfactory Conduct. C. Dismissal: The termination/Separation of an Employee from his/her position for disciplinary Reason.

2

Case 3:22-cv-00147  Document 26  Filed 07/11/22  Page 19 of 22 PageID #: 190

*April 22, 2021*

*TO: SC/Oj. Holley Grievance Coordinator*

*From: Demarco Cotton # 295257*

*This is my second attempt ? What is the status of my grievance that I file a on February 24,2021, I haven't heard anything or receive a receipt number?*

*In closing, I thank you*

*Respectfully Submitted*

Demarco Cotton

**Demarco Cotton # 295257**

**Cc:file**



THE UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT *of* TENNESSEE

U.S. Attorneys » Middle District of Tennessee » News

### Department of Justice

U.S. Attorney's Office

Middle District of Tennessee

FOR IMMEDIATE RELEASE                                     Friday, April 8, 2022

## Former Trousdale Turner Supervisory Corrections Officer Pleads Guilty To Civil Rights Violations

*NASHVILLE* – A former supervisory corrections officer at the Trousdale Turner Correctional Facility in Hartsville, Tennessee, pleaded guilty today to two counts of civil rights violations.

Kenan Lister, 42, of Clarksville, Tennessee, pleaded guilty to one count of deprivation of rights under color of law for using unlawful force on an inmate, and one count of deprivation of rights under color of law for being deliberately indifferent to the inmate's medical needs.

"All persons, including prison inmates, are guaranteed under the Constitution the right to be free from cruel and unusual punishment," said U.S. Attorney Wildasin. "I commend our partners at the FBI and the prosecution team for their diligent work in bringing this case and ensuring accountability for the unlawful actions of a prison guard."

Lister was indicted in September 2021 and today admitted that, on August 30, 2019, he was on duty as the prison's security threat group coordinator and escorted an inmate to a holding cell after the inmate assaulted a prison employee. At the time, and while the inmate was sitting in a holding cell and not resisting, Lister punched the inmate in the head, knocking him to the ground, and then kicked, punched, and struck the inmate multiple times in his head, chest, and torso after he was on the ground. The assault caused serious bodily injury to the inmate, including fracturing his ribs and puncturing his lung, which required the inmate to undergo surgery and to be hospitalized for several days.

Despite Lister's knowledge that the inmate needed medical attention, Lister failed to provide medical care or to make the necessary notifications to get the inmate medical care and, instead, locked the inmate in a holding cell.

"When a correctional officer violates the civil rights of an inmate whose safety he is charged with, it undermines the respect and reputation of all law enforcement officers," said Special Agent in Charge Douglas Korneski of the FBI Memphis Field Office. "The FBI will vigorously investigate and bring to justice any law enforcement officer who violates the constitution and the trust of the people."

Lister faces up to 10 years in prison on each count when he is sentenced on August 17, 2022.

Demarco Cotton #295257
T.T.C.C, CA-217
140 Macon Way
Hartsville, Tn. 37074

FOREVER / USA  FOREVER / USA  FOREVER / USA
FOREVER / USA  FOREVER / USA  FOREVER / USA

THE DEPARTMENT OF CORRECTION
TTCC HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS

RECEIVED
MAR 16 2022
U.S. DISTRICT COURT
MID DIST. TENN.

Legal Mail

Office of Clerk
801 Broadway Rm 800
Nashville, Tn. 37203