IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMARCO COTTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00147 |
| ) | Judge Trauger/Frensley |
| CORECIVIC INC. et al, ) | |
| ) | |
|     Defendants. ) | |

## ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises from pro se, *in forma pauperis* Plaintiff Demarco Cotton's incarceration at Trousdale Turner Correctional Complex (TTCC). Docket No. 20. More than a year has passed since Cotton filed his original complaint, and the docket in this action shows that service of process is not yet complete on any of the four defendants: TTCC Officer "John Doe a.k.a. Mr. Bangura[,]" TTCC Doctor "Jane Doe a.k.a. Ms. Burker[,]" TTCC Nurse "Jane Doe a.k.a. Ms. Flood[,]" and TTCC Officer "John Doe a.k.a. Mr. Wilson[.]" Docket No. 20.

On October 5, 2023, the Court issued an order summarizing the procedural history of this matter and the Court's attempts to assist Cotton in identifying and serving Bangura, Burker, Flood, and Wilson. Docket No. 34. The Court noted that the U.S. Marshals Service had twice been unsuccessful in serving Bangura and Flood and ordered Cotton to provide different addresses for them by October 27, 2023, warning Cotton that these defendants could be dismissed from the action if they are not served in accordance with Rule 4. *Id.* The Court also noted that months earlier, the TTCC warden had provided the incident report and medical records that Cotton had

requested to identify Burker and Wilson. *Id.* The Court stated that Cotton had been given sufficient time to determine the correct names of Burker and Wilson and directed the Clerk of Court to send Cotton two service packets to complete with the correct names of these defendants. *Id.* The Court ordered Cotton to return these packets to the Clerk's Office within 30 days. *Id.*

The Court's deadlines for Cotton to provide Bangura and Flood's addresses and return service packets for Burker and Wilson have passed, and Cotton has not provided these addresses or returned completed service packets to the Clerk's office.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service

even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Accordingly, Cotton is ORDERED TO SHOW CAUSE by December 4, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action for Cotton's failure to prosecute and failure to effect service of process, and why good cause exists to extend the service deadline. Cotton is warned that failure to comply with this Order to Show Cause will likely result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Jeffery S. Frensley**
**United States Magistrate Judge**