IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMARCO COTTON, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-00147 |
| ) | Judge Trauger/Frensley |
| CORE CIVIC, INC., et al . ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C.§ 1983 arises from pro se, *in forma pauperis* Plaintiff Demarco Cotton's incarceration at Trousdale Turner Correctional Complex (TTCC). Docket No. 20. CoreCivic, Inc., a private for-profit corporation, operates TTCC pursuant to a contract with the Tennessee Department of Corrections (TDOC).[1] Almost two years have passed since Cotton filed his original complaint, and the docket in this action shows that service of process is not yet complete on any of the four defendants: TTCC Officer "John Doe a.k.a. Mr. Bangura[,]" TTCC Doctor "Jane Doe a.k.a. Ms. Burker[,]" TTCC Nurse "Jane Doe a.k.a. Ms. Flood[,]" and TTCC Officer "John Doe a.k.a. Mr. Wilson[.]" Docket No. 20.

In accordance with the Court's orders, on August 10, 2022, the Clerk of Court issued summonses to Bangura, Burker, Flood, and Wilson, and the U.S. Marshals Service attempted service on these defendants on Cotton's behalf. Docket Nos. 23–26. The Marshals Service returned unexecuted all four summons, listing Bangura and Flood as terminated from employment and Burker and Wilson as unknown. Docket Nos. 23–26.

Cotton filed two motions asking that the Court compel CoreCivic to identify the defendants

---

[1] *See* TDOC, *Trousdale Turner Correctional Center*, https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited October 5, 2023).

in order to allow him to effectuate service. Docket Nos. 15, 21. On October 6, 2022, the Court granted Cotton's motions, ordering the TTCC warden to file Bangura and Floods's last known addresses with the Court under seal. Docket No. 27. To aid Cotton with identifying the defendants named as Burker and Wilson who were listed as unknown on the returns of service, the Court further ordered the TTCC warden to file any incident reports or medical records relating to the incident in question under seal. *Id.* The TTCC warden complied, filing Bangura and Flood's last known addresses (Docket No. 28) along with a copy of an incident report and medical records (Docket No. 28-1), which the Court directed the Clerk to send to Cotton (Docket No. 29). Soon after, the Marshals Service attempted service on Bangura and Flood at the new addresses but returned the summonses unexecuted again. Docket Nos. 32, 33.

On October 5, 2023, the Court issued an Order directing the Clerk of Court to send two (2) service packets to Plaintiff, to be completed and returned for the unnamed Defendants in this matter by November 4, 2023. Docket No. 34. The Plaintiff did not return the service packets.

On November 17, 2023, the Court issued a Show Cause Order as to why the Magistrate Judge should not recommend that the Court dismiss this action for Plaintiff's failure to prosecute and failure to effect service of process, and why good cause exists to extend the service deadline. Plaintiff was also forewarned that failure to comply with this Court's order may result is his action being dismissed.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). Plaintiff's failure to serve or even attempt to serve the remaining Defendants as directed or to otherwise take any activity in the case for over a year indicates that he has lost interest in prosecuting his case. Likewise, there can be no good cause by the Plaintiff or why service has not been timely made as to the remaining Defendants.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**